IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MICHAEL KEITH BROWN, § | |
| Plaintiff, § | |
| § | |
| v. § | No. 3:19-cv-1267-K (BT) |
| § | |
| U.S. DEPT. OF DEFENSE, ET AL., § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Michael Brown, proceeding *pro se* and *in forma pauperis*, filed this civil action alleging violations of his civil rights by Defendants the United States Department of Defense, the City of Dallas, the Department of Justice, the Department of Treasury, the Town of Addison, Texas, the N.S.A., the FBI, John Doe local and state officials, the Cities of Plano, Richardson, Carrollton, Farmers Branch, Lewisville, Denton, Arlington, and Grand Prairie, the DFW Airport Authority, Love Field, Amtrak, the Department of Homeland Security, and the Department of Transportation. For the following reasons, the Court should dismiss Plaintiff's complaint.

I.

Plaintiff claims that from 2006 until the present Defendants violated his civil rights when Defendants used telecommunication intercepts to steal patentable ideas, used facial recognition software to track his movements, intercepted and impugned his financial transactions, impeded his ability to seek

1

employment by notifying prospective employers and interviewers prior to interviews, entered into residences, motels, vehicles, and storage facilities and placed surveillance software on phones and computers without authorization, intercepted Plaintiff's communications with the President and other officials, altered DART schedules, and harassed Plaintiff. He claims Dallas police officers denied him access to a United States attorney and instead directed him to the FBI, but he states the FBI has no jurisdiction over his claims which involve the State Department. He argues Defendants are involved in undercover operations and have used confidential informants. He claims the Dallas Police Department has used software to impersonate business entities, and he believes his life is in danger. He claims video surveillance at Walmart stores may have been manipulated or altered, that the pricing structure and his driver dispatch accounts with Uber, Lyft, BIRD and LIME have been altered and that files have been manipulated and deleted, and that he was questioned by officers from Southern Methodist University about his sanity in violation of his privacy rights. He also appears to raise allegations about the posting of employment contracts. He seeks to enjoin Defendants from these activities and from contacting people in his LinkedIn and Facebook networks. He also seeks an order that Defendants inform the Court about the money they have paid for information, that the Court remand his case to the United States District Court in Washington, D.C., that all evidence be sent to

the State Department, that he receive a copy of all filings involving him that are filed in this court and other "local jurisdictions," and money damages.

II.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A court may dismiss a complaint as frivolous when it is based on an indisputably meritless legal theory or when the factual contentions are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). The latter category encompasses allegations that describe "fanciful, fantastic, and delusional" scenarios, or that "rise to the level of the irrational or wholly incredible." *Id.* at 33.

Courts must liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Even under the most liberal construction, however, Plaintiff's allegations describe irrational or wholly incredible claims against Defendants. Plaintiff's complaint should be dismissed as frivolous.

III.

The Court should summarily dismiss Plaintiff's complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2).

3

Signed July 2, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).